## 54126. KENNESAW FINANCE COMPANY OF DOUGLASVILLE v. MIRABELLI et al.

QUILLIAN, Presiding Judge.

The sole question presented by this appeal is whether the defendant loan company violated Section 16 of the Industrial Loan Act (Code Ann. § 25-316; Ga. L. 1955, pp. 431, 442). Specifically did the inclusion of a $34 title fee which was disbursed to a third party constitute an additional charge which is prohibited by Code Ann. § 25-316 and thus render a loan contract between the parties null and void?

The parties stipulated that the plaintiffs applied to the defendant to borrow $2,500. "A loan was made on November 24, 1975, and the Plaintiffs received the sum of $2,403.43, plus payment of $34.00 for a real estate title search." The Disclosure and Itemized Statement of Loan, attached as an exhibit to the stipulation, contained the

following language:

"Disbursements to:

20. Custs & Record Data    $ 34.00

21. Custs                 2403.43"

As the attorney for defendant states in his brief: "It is agreed that this $34.00 fee was for a title examination on the property of the Appellees, and was paid to a company providing that service." The record reveals that the defendant made every allowable charge permitted by the Industrial Loan Act.

The trial judge heard the case without a jury and adopted the stipulation as his findings of fact. He then held: "Based upon the facts the Court concludes that the $34.00 title fee is an additional charge prohibited under the Georgia Industrial Loan Act . . . rendering the loan contract null and void. . . As the loan contract is void under the Industrial Loan Act, then the entire obligation is void . . ."

In *Ga. Invest. Co. v. Norman,* 231 Ga. 821 (204 SE2d 740), the Supreme Court approved in toto a ruling by the superior court that the inclusion of a notary fee of $1, even though not paid to the lender, was a violation of the Industrial Loan Act. It was there held: "Although the Loan Company here did not retain, it did 'charge'; it did 'receive' the notary fee and then disbursed it by check to its employee. This was not authorized by the Industrial Loan Act. To approve this charge would open the door to other charges not authorized by the Act and imposed by Loan Companies for the purpose of being passed on to third parties." P. 824.

We therefore find, as did the lower court, that there was a violation of Code Ann. § 25-316.

*Judgment affirmed. Shulman and Banke, JJ., concur.*

SUBMITTED JULY 11, 1977 — DECIDED SEPTEMBER 12, 1977.

*James & Johnson, J. Clifford Johnson,* for appellant.

*William G. Posey,* for appellees.